UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER REINOEHL,

    Plaintiff,                                Hon. Janet T. Neff

v.                                              Case No. 1:21-cv-61

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (ECF No. 3) and Plaintiff's Ex Parte Application for Temporary Restraining Order (ECF No. 4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be denied.

## BACKGROUND

Plaintiff, proceeding pro se, initiated the present action against Michigan Governor Gretchen Whitmer, Director of the Michigan Department of Health and Human Services (MDHHS) Robert Gordon, and the Young Men's Christian Association (YMCA) of Greater Michiana, Inc. In her verified complaint (ECF No. 1) Plaintiff alleges the following.

On December 18, 2020, Robert Gordon issued a Gatherings and Face Mask Order, which provided, in part, that: (1) the requirement to wear a face mask does not apply to

-1-

individuals who "cannot medically tolerate a face mask"; (2) the Gatherings and Face Mask Order does not modify, limit, or abridge state or federal protections afforded to persons with disabilities; and (3) a person's "verbal representation that they are not wearing a face mask because they fall within a specified exception . . . may be accepted."

Gordon permitted the MDHHS to publish on its website a pamphlet informing asthma sufferers, in part, that, "if [your] doctor does give you a pass not to wear a mask, you may not be able to go to places that require them." The MDHHS has also advised medical providers that "the decision to give face mask exemptions should not be taken lightly and should be considered only in extreme circumstances," and, moreover, that "during the pandemic, people who are having active breathing problems should stay home except to seek medical care."

Plaintiff suffers "breathing and heart issues, including but not limited to asthma and tachycardia" and experiences increased body temperature and decreased blood oxygen levels if she wears a mask for longer than fifteen minutes. On January 4, 2020, Plaintiff attempted to enter the YMCA, presumably while not wearing a mask or face covering, but was denied entry. Plaintiff wanted to enter the YMCA so she could watch her daughter swim. Plaintiff was informed by a YMCA official that the facility "would follow Robert Gordon's mask regulations and not follow the Federal Americans with Disabilities Act of 1990."[1]

---

[1] It is inherently illogical that Plaintiff would be denied entry to a facility in January 2020, based upon a mask mandate that was not issued until December 2020. The Court notes that Plaintiff, in the two motions presently before the Court, likewise asserts that

Plaintiff alleges that the decision by the YMCA to deny her entry on the date in question, as well as the actions by Defendants Whitmer and Gordon to issue and implement the Gatherings and Face Mask Order and other Covid-related guidance and requirements, violated her rights under the Americans with Disabilities Act, as well as her First, Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff seeks $100,000 in damages and "a free unlimited lifetime family membership for Plaintiff and her family" from Defendant YMCA.  Plaintiff also seeks declaratory and injunctive relief.

## ANALYSIS

Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 65(a)-(b). In her motion for preliminary injunction, Plaintiff requests that the Court enter an Order: (1) requiring Defendant YMCA to allow entry to patrons who refuse to wear a mask due to "disability, breathing problem, or doctor's exemption"; and (2) enjoin Defendants Whitmer and Gordon from "hosting or otherwise controlling any Internet content owned by the State of Michigan or its Agencies" that "might" be used to discriminate against disabled persons or prevent disabled persons from obtaining a mask exemption from their doctor.  In her motion for temporary restraining order, Plaintiff requests this same relief, but additionally requests that the Court order Defendants to show cause why a preliminary injunction should not enter.

---

she was denied entry to the YMCA on January 4, 2020.  Nevertheless, the Court assumes for present purposes that Plaintiff was allegedly denied entry to the YMCA on January 4, 2021.

There is little distinction between a motion for a temporary restraining order and a motion for a preliminary injunction as both consider the same factors: (1) whether Plaintiff is likely to succeed on the merits of her claims; (2) whether Plaintiff will suffer irreparable injury in the absence of relief; (3) whether injunctive relief would cause substantial harm to others; and (4) whether issuance of an injunction serves the public interest. *See Perez-Perez v. Adducci*, 459 F.Supp.3d 918, 924 (E.D. Mich. 2020). These factors are not prerequisites, nor are any dispositive; rather, they are competing considerations to be weighed and balanced. *See, e.g., Six Clinics Holding Corp., II v. Cafcomp* Systems, 119 F.3d 393, 400 (6th Cir. 1997).

The relevant distinction between the two types of motions is that a temporary restraining order can be sought ex parte and is "an emergency measure" intended "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Hartman v. Acton*, - - - F.Supp.3d - - -, 2020 WL 1932896 at *1 (S.D. Ohio, Apr. 21, 2020) (citations omitted). Because the same factors and analysis apply to both of Plaintiff's motions, and because Plaintiff asserts that she has served her motion for preliminary injunction on Defendants, the Court will consider Plaintiff's motions together as a single request for injunctive relief.

Plaintiff is alleging violation of her constitutional rights. As such, she appears to satisfy the irreparable injury element. *See Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2020) ("[w]hen constitutional rights are threatened or impaired, irreparable

injury is presumed"). Plaintiff, however, cannot satisfy the other elements to obtain the requested relief.

A. Likelihood of Success on the Merits

As discussed herein, the Court finds that Plaintiff is unlikely to prevail on any of the claims asserted in her complaint. In fact, a great many of Plaintiff's causes of action likely fail even to state a claim on which relief may be granted.

1. Americans with Disabilities Act (ADA)

Plaintiff alleges that Defendants have violated her rights under Title III of the ADA, which prohibits a place of public accommodation from discriminating against an individual on the basis of a disability. *See, e.g., Campbell v. Speedway LLC*, 225 F.Supp.3d 663, 669 (E.D. Mich. 2016). To prevail on this claim, Plaintiff must establish: (1) she is disabled as defined by the ADA; (2) the defendant is a private entity that operates a place of public accommodation; and (3) the defendant took adverse action against Plaintiff that was "based on [Plaintiff's] disability." *Smith v. Brookshire Brothers*, 2011 WL 13203044 at *2 (W.D. Tex., Apr. 5, 2011).

To the extent Plaintiff' claims that Defendants Whitmer and Gordon violated her rights under the ADA, such claims fail because neither Defendant operates a place of public accommodation that denied Plaintiff access because of her disability. Plaintiff's claim that the YMCA violated her rights under the ADA fails because Plaintiff does not allege that she was denied entry to the YMCA based on any disability from which she may have been suffering. Rather, Plaintiff alleges she was denied entry because she

refused to wear a mask. The Court is not aware of, and Plaintiff has failed to identify, authority establishing that refusal to comply with lawful public health requirements constitutes a disability under the ADA. Thus, Plaintiff has failed to establish that she is likely to prevail on her ADA claims.

    2.    First Amendment

Plaintiff alleges that her First Amendment rights have been violated by Defendants' actions. Specifically, Plaintiff alleges that being compelled to wear a mask violates her right to free speech by "muffling [her] voice and making [her] words difficult to understand." Plaintiff also alleges that a mask mandate constitutes a religion, which she cannot be mandated to follow, and that she instead "has the right to freely exercise her religion according to the dictates of her own conscious (sic)." Plaintiff's claims are patently frivolous and diminish the protections the First Amendment affords to truly fundamental rights. Plaintiff has failed, therefore, to demonstrate that she is likely to prevail on her First Amendment claims.

    3.    Fourth Amendment

Plaintiff alleges that Defendants' actions violate her Fourth Amendment right to due process. The Fourth Amendment protects against unreasonable searches and seizures not violations of due process. Plaintiff does not allege, however, that she suffered any unreasonable search or seizure. Thus, she has failed to establish that she is likely to prevail on her Fourth Amendment claims.

4.      Fifth and Fourteenth Amendment Due Process

Plaintiff alleges that Defendants violated her due process rights under both the Fifth and Fourteenth Amendments. The analysis applicable to these claims is identical. *See, e.g., Parrino v. Sebelius*, 155 F.Supp.3d 714, 718 n.1 (W.D. Ky. 2015); *Mathis v. Franklin County Children Services*, 2008 WL 1775422 at *5 (S.D. Ohio, Apr. 16, 2008).

To prevail on a procedural due process claim, Plaintiff must establish: (1) a life, liberty, or property interest requiring constitutional protection; (2) a deprivation of that interest; and (3) that the deprivation occurred without adequate process. *Burton v. Michigan Department of Corrections*, 2020 WL 5677465 at *5 (W.D. Mich., Sept. 24, 2020). Plaintiff's claim against Defendant YMCA falls short. Denying Plaintiff access to a privately-owned recreational facility simply does not implicate Plaintiff's due process rights. *See, e.g., Memphis A. Philip Randolph Institute v. Hargett*, - - - F.Supp.3d - - -, 2020 WL 5095459 at *6 (M.D. Tenn., Aug. 28, 2020) (due process is implicated where the state interferes with a constitutionally protected interest). Plaintiff's claim that Defendants Whitmer and Gordon violated her rights by enacting and/or implementing a mask mandate, such likewise falls short. While due process generally requires either a pre-deprivation or post-deprivation hearing, no hearing is required "in those circumstances where the State has issued a generally applicable law or order." *Hartman*, 2020 WL 1932896 at *7 "[g]overnmental determinations of a general nature that affect all equally do not give rise to a due process right to be heard").

Plaintiff's substantive due process claims likewise fall short. Plaintiff's claim against Defendant YMCA fails because the YMCA is a privately-owned entity. *Langdon v. Skelding*, 524 Fed. Appx. 172, 175 (6th Cir., Apr. 17, 2013). Plaintiff's claims against Defendants Whitmer and Gordon must also overcome a substantial obstacle. State action involving public health emergencies will be struck down on substantive due process grounds only "if it has no real or substantial relation to those objects, or is beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *TJM 64, Inc. v. Harris*, 475 F.Supp.3d 828, 834-35 (W.D. Tenn. 2020) (quoting *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905)). Plaintiff has failed to persuade the Court that she is likely to prevail on such a claim.

    5.    Fourteenth Amendment Equal Protection

Plaintiff also alleges that Defendants violated her right to equal protection. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on her equal protection claim, Plaintiff must establish "that the government treated [her] 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege

membership in a particular class or group, but instead alleges that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012). Plaintiff does not allege that she has been treated differently from similarly situated people. Accordingly, Plaintiff cannot demonstrate that she is likely to prevail on her equal protection claims.

> B. Substantial Harm to Others and the Public Interest

Consideration of these two elements also weigh heavily against granting Plaintiff's request for injunctive relief. As noted above, Plaintiff seeks injunctive relief that accomplishes two things. She wants the Court to order the YMCA to allow entry to patrons who refuse to wear a mask due to "disability, breathing problem, or doctor's exemption." Plaintiff further requests that the Court enjoin Defendants Whitmer and Gordon from "hosting or otherwise controlling any Internet content owned by the State of Michigan or its Agencies" that "might" be used to discriminate against disabled persons or prevent disabled persons from obtaining a mask exemption from their doctor.

Taking the former request first, courts recognize the legitimate Covid-related health concerns presented by the operation, during the present pandemic, of exercise facilities such as the YMCA. *See, e.g., League of Independent Fitness Facilities and Trainers, Inc. v. Whitmer*, 814 Fed. Appx. 125, 128-29 (6th Cir., June 24, 2020). To substitute the expertise and experience of the individuals who manage and operate the

YMCA with Plaintiff's lay opinions on Covid-related matters presents a significant risk of harm to others and, therefore, is not in the public interest.

As for Plaintiff's request regarding Defendants Whitmer and Gordon, the Court reaches the same conclusion. As discussed above, it is highly unlikely that Plaintiff can prevail on any of her legal claims. Instead, Plaintiff has initiated the present action simply to express her contrary opinion as to the wisdom and efficacy of the response by the State of Michigan to the current pandemic. It is not in the public interest for this Court to override and/or modify the decisions and judgments rendered by public officials concerning the current pandemic. *See League of Independent Fitness Facilities*, 814 Fed. Appx. at 129 ("Shaping the precise contours of public health measures entails some difficult line-drawing. Our Constitution wisely leaves that task to officials directly accountable to the people"). That doing so would be harmful to others is obvious and needs no explanation.

## CONCLUSION

In sum, consideration of the relevant factors weighs heavily against Plaintiff's request for injunctive relief. Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 3) and Plaintiff's Ex Parte Application for Temporary Restraining Order (ECF No. 4) both be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: January 22, 2021                      /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge