UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER REINOEHL,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                  Case No. 1:21-cv-61

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 19) and Defendants' Motion to Dismiss (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that both motions be granted and this action terminated.

## BACKGROUND

Plaintiff, proceeding pro se, initiated the present action against: (1) Michigan Governor Gretchen Whitmer; (2) Director of the Michigan Department of Health and Human Services (MDHHS) Robert Gordon; and (3) the Young Men's Christian Association (YMCA) of Greater Michiana, Inc. In her 337-page complaint (ECF No. 1) Plaintiff alleged the following.

On December 18, 2020, Robert Gordon issued a Gatherings and Face Mask Order (the "Order"), which provided, in part, that: (1) the requirement to wear a face mask does not apply to individuals who "cannot medically tolerate a face mask"; (2) the Gatherings

-1-

and Face Mask Order does not modify, limit, or abridge state or federal protections afforded to persons with disabilities; and (3) a person's "verbal representation that they are not wearing a face mask because they fall within a specified exception. . .may be accepted."

Gordon permitted the MDHHS to publish on its website a pamphlet informing asthma sufferers, in part, that "if [your] doctor does give you a pass not to wear a mask, you may not be able to go to places that require them." The MDHHS has also advised medical providers that "the decision to give face mask exemptions should not be taken lightly and should be considered only in extreme circumstances" and, moreover, that "during the pandemic, people who are having active breathing problems should stay home except to seek medical care."

Plaintiff suffers "breathing and heart issues, including but not limited to asthma and tachycardia" and experiences increased body temperature and decreased blood oxygen levels if she wears a mask for longer than 15 minutes. On January 4, 2021, Plaintiff attempted to enter the YMCA, presumably while not wearing a mask or face covering, but was denied entry. Plaintiff was attempting to enter the YMCA so she could watch her daughter swim. Plaintiff was informed by a YMCA official that the facility "would follow Robert Gordon's mask regulations and not follow the Federal Americans with Disabilities Act of 1990."

Plaintiff alleges that the decision by the YMCA to deny her entry on the date in question, as well as the actions by Defendants Whitmer and Gordon to issue and implement the Gatherings and Face Mask Order and other Covid-related guidance and requirements, violated her rights under the Americans with Disabilities Act (ADA) as well as her First, Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff seeks $100,000 in damages and "a free unlimited lifetime family membership for Plaintiff and her family" from Defendant YMCA. Plaintiff also seeks declaratory and injunctive relief.

Contemporaneous with her complaint, Plaintiff moved for a preliminary injunction and a temporary restraining order. (ECF No. 4). On January 22, 2021, the undersigned recommended that Plaintiff's motion be denied on the ground that she was unlikely to prevail on any of the claims in her complaint. (ECF No. 7). This recommendation was adopted by the Honorable Janet T. Neff. (ECF No. 25). While Plaintiff has since amended her complaint (ECF No. 16), the claims therein mirror those advanced in her original complaint.

On March 16, 2021, Plaintiff stipulated to the dismissal of her claims against Defendant YMCA, save her claim under the ADA and her request for declaratory and injunctive relief. (ECF No. 17-18). Defendants YMCA, Gordon, and Whitmer now move to dismiss Plaintiff's remaining claims. Plaintiff has responded to Defendants' motions. The Court finds that oral argument is unnecessary to resolve the present motions. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common

-4-

> sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

## ANALYSIS

### I. Americans with Disabilities Act (ADA)

Plaintiff alleges that Defendants have violated her rights under Title III of the ADA which prohibits a place of public accommodation from discriminating against an individual on the basis of a disability. *See, e.g., Campbell v. Speedway LLC*, 225 F.Supp.3d 663, 669 (E.D. Mich. 2016). To prevail on this claim, Plaintiff must establish: (1) she is disabled as defined by the ADA; (2) the defendant is a private entity which operates a place of public accommodation; and (3) the defendant took adverse action against Plaintiff that was "based on [Plaintiff's] disability." *Smith v. Brookshire Brothers*, 2011 WL 13203044 at *2 (W.D. Tex., Apr. 5, 2011).

To the extent Plaintiff claims that Defendants Whitmer and Gordon violated her rights under the ADA, such claims fail because neither Defendant operates a place of public accommodation which denied Plaintiff access because of her disability. Plaintiff's claim that the YMCA violated her rights under the ADA fails because Plaintiff does not allege that she was denied entry to the YMCA based on any disability from which she may have been suffering. Rather, Plaintiff alleges she was denied entry because she refused to wear a mask. The Court is not aware of, and Plaintiff has failed to identify, authority establishing that refusal to comply with lawful public health requirements constitutes a disability under the ADA.

The Court recognizes that Plaintiff has submitted a note from her doctor, dated March 19, 2021, stating that Plaintiff "has asthma – has hard time breathing and can not wear a mask." (ECF No. 29, PageID.777). This document, however, fails to advance Plaintiff's cause. First, the fact that Plaintiff may experience asthma does not mean that she suffers from a disability as defined by the ADA. *See, e.g., Svoboda v. TimkenSteel Corp.*, 2020 WL 1513710 a7 *7 (N.D. Ohio, Mar. 30, 2020) (while asthma "can affect an individual's major life activity of breathing" because such presents "in varying levels of severity," a plaintiff must establish that such "substantially limits his ability to breathe"). Second, to the extent Plaintiff seeks to rely on her doctor's assertion that she was unable to wear a mask, such is dated more than two months after the incident at the YMCA and does not establish that Plaintiff, as of the date in question, was unable to wear a mask.

The undersigned recommends, therefore, that Plaintiff's ADA claims be dismissed.

## II. First Amendment

Plaintiff alleges that Defendants Gordon and Whitmer violated her First Amendment rights as well as her free speech rights under the Michigan Constitution.[1] Specifically, Plaintiff alleges that being compelled to wear a mask violates her right to free speech by "muffling [her] voice and making [her] words difficult to understand." Plaintiff also alleges that a mask mandate constitutes a religion which she cannot be mandated to follow and that she instead "has the right to freely exercise her religion according to the dictates of her own conscious (sic)." Plaintiff's claims are patently frivolous and diminish the protections the First Amendment and the Michigan Constitution afford to truly fundamental rights.

To the extent Plaintiff's complaint is interpreted as asserting a claim that her refusal to comply with the Order constitutes symbolic speech, such is likewise rejected. *See, e.g., Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 65-66 (2006) (the Court "rejected the view that conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea"); *Zinman v. Nova Southeastern University, Inc.*, 2021 WL 4025722 at *12-13 (S.D. Fla., Aug. 30, 2021) (rejecting the argument that wearing or refusing to wear a mask is expressive speech

---

[1] The free speech protections articulated in the Michigan Constitution are identical to those guaranteed by the First Amendment. *See Thomas M. Cooley Law School v. Doe 1*, 833 N.W.2d 331, 338 (Mich. Ct. App. 2013).

protected by the First Amendment). Accordingly, the undersigned recommends that Plaintiff's free speech claims, asserted under the First Amendment and the Michigan Constitution, be dismissed.

### III. Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures. Plaintiff alleges that Defendants Gordon and Whitmer violated her Fourth Amendment rights "by mandating searches of everyone not wearing a mask." Plaintiff does not allege, however, that she suffered any unreasonable search or seizure. Likewise, the Gatherings and Face Mask Order she is challenging does not authorize, or purport to authorize, the unlawful search or seizure of any person not wearing a mask or otherwise not in compliance with the Order. The undersigned recommends, therefore, that Plaintiff's Fourth Amendment claims be dismissed.

### IV. Fifth and Fourteenth Amendment

Plaintiff alleges that Defendants Gordon and Whitmer violated her Fifth Amendment due process rights. Plaintiff further alleges that Defendants violated her right to substantive due process and equal protection under the Fourteenth Amendment.

#### A. Procedural Due Process

The analysis applicable to procedural due process claims under the Fifth and Fourteenth Amendments is identical. *See, e.g., Parrino v. Sebelius*, 155 F.Supp.3d 714, 718 n.1 (W.D. Ky. 2015); *Mathis v. Franklin County Children Services*, 2008 WL 1775422 at *5 (S.D. Ohio, Apr. 16, 2008). To prevail on a procedural due process claim, Plaintiff

must establish: (1) a life, liberty, or property interest requiring constitutional protection; (2) a deprivation of that interest; and (3) that the deprivation occurred without adequate process. *Burton v. Michigan Department of Corrections*, 2020 WL 5677465 at *5 (W.D. Mich., Sept. 24, 2020).

Denying Plaintiff access to a privately-owned recreational facility does not implicate Plaintiff's due process rights. *See, e.g., Memphis A. Philip Randolph Institute v. Hargett*, 482 F.Supp.3d 673, 684-85 (M.D. Tenn. 2020) (due process is implicated where the state interferes with a constitutionally protected interest). Plaintiff's claim that Defendants Whitmer and Gordon violated her rights by enacting and/or implementing a mask mandate likewise falls short. While due process generally requires either a pre-deprivation or post-deprivation hearing, no hearing is required "in those circumstances where the State has issued a generally applicable law or order." *Hartman*, 2020 WL 1932896 at *7 "[g]overnmental determinations of a general nature that affect all equally do not give rise to a due process right to be heard").

B.  Substantive Due Process

State action involving public health emergencies will be struck down on substantive due process grounds only "if it has no real or substantial relation to those objects, or is beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *TJM 64, Inc. v. Harris*, 475 F.Supp.3d 828, 834-35 (W.D. Tenn. 2020) (quoting *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905)). Plaintiff's allegations do not satisfy this standard. *See, e.g., P.M. by and Through Maras v.*

*Mayfield City School District Board of Education*, 2021 WL 4148719 at *3 (N.D. Ohio, Sept. 13, 2021) (COVID-related mask mandates do not violate substantive due process); *Denis v. Ige*, 538 F.Supp.3d 1063, 1080-81 (D. Hawai'i 2021) (same).

    C.    Equal Protection

Plaintiff also alleges that Defendants violated her right to equal protection. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on her equal protection claim, Plaintiff must establish "that the government treated [her] 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012). Plaintiff does not allege that she has been treated differently from similarly situated people. Accordingly, the undersigned recommends that Plaintiff's Fifth and Fourteenth Amendment claims be dismissed.

-10-

## V.   Declaratory and Injunctive Relief

The undersigned recommends that Plaintiff's claims for declaratory judgment be dismissed.  Plaintiff has failed to allege any violation of her rights based on Defendants' prior conduct.  Likewise, Plaintiff cannot establish that she is likely to suffer legally cognizable harm in the future as a result of the matters alleged.  Finally, the undersigned recommends that Plaintiff's claims for injunctive relief be dismissed for the reasons articulated herein and in the undersigned's prior Report and Recommendation.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 19) and Defendants' Motion to Dismiss (ECF No. 22) both be granted and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 3, 2022            /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge