UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER J. REINOEHL,

    Plaintiff,

v.

GRETCHEN WHITMER, et al.,

    Defendants.

_____/

Case No. 1:21-cv-61

HON. JANET T. NEFF

## OPINION AND ORDER

    Plaintiff Jennifer J. Reinoehl initiated this action against (1) Michigan Governor Gretchen Whitmer; (2) Director of the Michigan Department of Health and Human Services (MDHHS) Robert Gordon; and (3) the Young Men's Christian Association (YMCA) of Greater Michiana, Inc. The claims stem from Plaintiff not being allowed to enter the YMCA to watch her daughter swim because she refused to wear a mask.

    Defendants have filed two separate motions to dismiss (ECF Nos. 19 and 22). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court grant Defendants' motions and dismiss Plaintiff's First Amended Complaint (ECF No. 37). The matter is presently before the Court on Plaintiff's objections (ECF No. 38) to the Report and Recommendation and Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 47). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made. For the reasons stated below, the Court denies Plaintiff's objections and motion to amend.

I.  **Plaintiff's Objections**

Plaintiff first argues that the Magistrate Judge erred in construing her ADA claims against the State Defendants under Title III as opposed to Title II. Count I of the First Amended Complaint is titled "Violation of American Disabilities Act" (ECF No. 16 at PageID.553). Below the heading, Plaintiff cites 42 U.S.C. § 12182, which is codified in Title III of the ADA (*id.*). There is no indication that Plaintiff intended to bring any claim under Title II of the ADA. In the motion to dismiss, the State Defendants identified the claims as Title III claims and argued that they were not "private entities" for the purposes of Title III (ECF No. 23 at PageID.630). In her response, Plaintiff elected not to address the State Defendants' argument (*See* ECF No. 26). Accordingly, Plaintiff has waived this argument. *See Murr v. United States,* 200 F.3d 895, 901 n.1 (6th Cir. 2000).

Nonetheless, even if the Court construed Plaintiff's claims under Title II of the ADA, the claims fail as a matter of law. "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Plaintiff sues the State Defendants in their individual capacities (ECF No. 16 at PageID.518-519). Thus, Plaintiff's ADA claims fail.[1]

Plaintiff next argues that the Magistrate Judge erred in concluding that Plaintiff's First Amendment claims were "patently frivolous." The Magistrate Judge explained:

---

[1] Plaintiff also contends that the Magistrate Judge erred in "conclud[ing that Plaintiff] needed to prove her ADA claims" (ECF No. 38 at PageID.853). The Magistrate Judge did not require Plaintiff to prove her ADA claims. And, as explained above, Plaintiff's ADA claims fail as a matter of law.

> Plaintiff alleges that being compelled to wear a mask violates her right to free speech by "muffling [her] voice and making [her] words difficult to understand." Plaintiff also alleges that a mask mandate constitutes a religion which she cannot be mandated to follow and that she instead "has the right to freely exercise her religion according to the dictates of her own conscious (sic)." Plaintiff's claims are patently frivolous and diminish the protections the First Amendment and the Michigan Constitution afford to truly fundamental rights.

(ECF No. 37 at PageID.847). The Court finds no error in the Report and Recommendation. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis.

Plaintiff argues that the Magistrate Judge erred in concluding that the "Gatherings and Face Mask Order does not authorize the unlawful search or seizure of any person not wearing a mask" (ECF No. 38 at PageID.856). In support of this argument, Plaintiff cites a provision of the order providing that a person "may not assume that someone who enters the facility without a face mask falls within one of the exceptions . . . ." (*id.* at PageID.857). Plaintiff, however, ignores other provisions of the order that allow a place of public accommodation to accept a person's verbal representations that they qualified for an exception (ECF No. 23-1 at PageID.654-655). More importantly, as the Magistrate Judge correctly determined, Plaintiff never alleged that she suffered any unreasonable search or seizure. She did not have a right to enter the YMCA and was not prevented from leaving.

Plaintiff next argues that the Magistrate Judge erred in concluding that her due process claims be dismissed. In recommending the dismissal of the procedural due process claims, the Magistrate Judge relied on *Hartman v. Acton*, No. 2:20-CV-1952, 2020 WL 1932896 (S.D. Ohio April 21, 2020) and *Memphis A. Philip Randolph Institute v. Hargett*, 482 F. Supp. 3d 673, 684-85 (M.D. Tenn. 2020). Plaintiff has failed to sufficiently distinguish these cases. "The fact that an agency's order 'may in its effects have been thought more disadvantageous by some . . . than

3

by others does not change its generalized nature.'" *United States v. Florida East Coast Ry.*, 410 U.S. 224, 246 (1973).  Nor has Plaintiff adequately advanced a protected interest to support her procedural due process claim.

In recommending the dismissal of the substantive due process claims, the Magistrate Judge explained that "[s]tate action involving public health emergencies will be struck down on substantive due process grounds only 'if it has no real or substantial relation to those objects, or is beyond all question, a plain, palpable invasion of rights secured by the fundamental law'" (ECF No. 37 at PageID.849 quoting *TJM 64, Inc. v. Harris*, 475 F. Supp. 3d 828, 834-35 (W.D. Tenn. 2020)).  The Magistrate Judge then determined that Plaintiff's allegations failed to meet this standard.  The Court finds no error in the Magistrate Judge's analysis.

Finally, Plaintiff argues that the Magistrate Judge erred in "not accept[ing] the medically disabled as a class" (ECF No. 38 at PageID.860).  Plaintiff does not adequately explain this objection.  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Therefore, the Court need not address this objection. To the extent that Plaintiff is arguing that the "medically disabled" be considered a suspect class, the Sixth Circuit has rejected such an argument.  *S.S. v. E. Kentucky Univ.,* 532 F.3d 445, 457 (6th Cir. 2008)

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

**II.       Plaintiff's Motion for Leave to File Second Amended Complaint**

After Plaintiff filed objections and Defendants responded, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (ECF No. 47).  Rule 15 of the Federal Rules of Civil Procedure mandates that the Court "freely give leave" to amend when it is in the interests of justice.

4

FED. R. CIV. P. 15(a)(2).  However, courts may deny a request to amend if there has been undue delay in filing, if the amendment would cause undue prejudice to the opposing party, or if the amendment would be futile. *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005).

Having reviewed the motion and the proposed second amended complaint, the Court denies Plaintiff leave because the proposed amendment is futile and untimely.  A proposed amendment is futile if the amendment could not withstand a FED. R. CIV. P 12(b)(6) motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  In this case, the eighty-two-page proposed second amended complaint and 177 pages of exhibits fail to state a claim for many of the same reasons the First Amended Complaint failed to state a claim.  For example, the ADA claims against the State Defendants still fail because Plaintiff is suing those individuals in their individual capacities (ECF No. 47-2 at PageID.931).  Similarly, Plaintiff has still not alleged that she had a right to enter the YMCA or that she was prevented from leaving when she was "interrogated" by an employee of the YMCA (*id.* at PageID.989).

Furthermore, Plaintiff's proposed second amended complaint is untimely.  A party seeking leave to amend "must act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (internal quotation marks omitted).  Here, Plaintiff filed the original complaint in January 2021 (ECF No. 1).  She moved to amend the original complaint on February 3, 2021 (ECF No. 8).  The motions to dismiss have been pending since March 2021.  Plaintiff claims that she discovered new information in October 2021 (ECF No. 47 at PageID.924).  Despite the new information, Plaintiff waited another four months to seek leave to file the second amended complaint.  Plaintiff waited until after the

Report and Recommendation, the objections, and the responses to the objections were filed. Plaintiff has failed to adequately explain the delay.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 38) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 37) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendants' motions to dismiss (ECF No. 19 and 22) are GRANTED. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for leave to file a second amended complaint (ECF No. 47) is DENIED.

Dated: March 23, 2022 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge